

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-19-2002

# USA v. Paige

Precedential or Non-Precedential: Non-Precedential

Docket No. 00-4406

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Paige" (2002). *2002 Decisions.* Paper 519.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/519

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 00-4406
_____

UNITED STATES OF AMERICA

v.

JOSEPH PAIGE
a/k/a
RICK PAIGE


Joseph Paige,

Appellant



Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 00-cr-00402)
District Judge: Honorable Clarence C. Newcomer



Submitted Under Third Circuit LAR 34.1(a)
on March 22, 2002

Before: ROTH, NYGAARD
and AMBRO, Circuit Judges


(Opinion filed: August 19, 2002)



_____


O P I N I O N


ROTH, Circuit Judge:

Joseph Paige appeals the September 19, 2000, Order of the District Court, which granted the government's motion in limine to preclude Paige from offering a justification defense at trial.  Following the barring of the justification defense, Paige entered a guilty plea but reserved the right to appeal the District Court's ruling on the defense.  Paige contends on appeal that the District Court erred in ruling that his offer of proof on the affirmative justification defense was insufficient as a matter of law. We have jurisdiction to hear this appeal pursuant to 28 U.S.C. 1291.

Paige was convicted of one count of being a felon in possession of a firearm, in violation of 18 U.S.C. 922(g)(1).  His response to the indictment was that he was legally justified in possessing the firearm because of a threat of danger to his person.  In United States v. Paolello, 951 F.2d 537 (3d Cir. 1991), we adopted a four prong test to consider the adequacy of a justification defense.  Following the Paolello test, the District Court

case required Paige in advance of trial to submit evidence to support his justification claim. The District Court found that the proffered facts failed to support a justification defense and granted the government's motion to bar the defense.

We conclude that Paige did fail to meet the second and third elements of the Paolello test. He did not demonstrate that he had not recklessly placed himself in the situation which led to the criminal act, the second Paolello element. In addition, he did not show that he had no reasonable legal alternative both to the criminal act and to the situation which caused the threat of harm, the third Paolello element.

The District Court found that Paige fell "far short" of proving these elements that at a minimum he acted recklessly and that this created the situation which led him to acquire the firearm rather than to choose from a number of alternative courses of action. The District Court did not err as a matter of law in so finding.

For the aforementioned reasons, we will affirm the order of the District Court.


TO THE CLERK:

Please file the foregoing Opinion.



By the Court,



/s/ Jane R. Roth
Circuit Judge